UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORNELL BALTAZAR, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                              **NO. 21-251-JWD-RLB**

**RAMIRO GONZALES, ET AL.**

**ORDER**

Before the Court is Defendants' Motion to Compel Plaintiff to Submit to an Independent Medical Examination ("Motion for Rule 35 Examination"). (R. Doc. 21). The motion is opposed. (R. Doc. 26). Defendants filed a Reply Memorandum without seeking leave of court in violation of Local Rule 7(f). (R. Doc. 28).

Defendants seek an order compelling the plaintiff Cornell Baltazar to submit to a medical examination by Dr. Everett Robert, a neurosurgeon, pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff opposes the Rule 35 examination based on (1) undue burden or hardship of travel outside of the Middle District of Louisiana, and (2) the overly broad scope and duration of the proposed examination.

Federal Rule of Civil Procedure 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A plaintiff places his or her physical or mental condition "in controversy" by pleading he or she has sustained a physical injury through the

negligence of the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

While Defendants have somewhat detailed the correspondence between the parties prior to the filing of the instant motion, Defendants have not submitted a proposed Rule 35 Order detailing the specific relief sought under Rule 35. *See* Fed. R. Civ. P. 35(a)(2)(B); LR 35.[1] For example, while Defendants identify Dr. Robert as a neurosurgeon with Southern Brain and Spine, they do not "specify the time,[2] place,[3] manner, conditions, and scope[4] of the examination" with any detail in a proposed order. (*See* R. Doc. 21-11). The Court is left to sift through the correspondence of the parties, as well as Defendants' disputes with Plaintiff's proposed stipulations, to discern the scope of the desired examination under Rule 35.

Plaintiffs ask the Court to deny the instant motion because Defendants have failed to "specify the time, place, manner, conditions, and scope of the examination," or alternatively

---

[1] Local Rule 35 requires a party moving for a physical and/or mental examination of another party to include, in addition to the requirements of Federal Rule 35(a)(2): "[1] Whether a personal and/or medical history will be obtained; [2] Whether a physical examination will be undertaken; [3] A description of the written, verbal-administered and/or physical tests to be performed, both invasive and non-invasive; [4] The identities of any persons administering and/or interpretating the test results, if different from the person identified in the motion; and [5] The anticipated duration of the examination." Local Rule 35.
[2] In their Reply, Defendants suggest that the examination should not exceed 90 minutes. (R. Doc. 28 at 3).
[3] In their Reply, Defendants suggest that Dr. Robert "is available for examinations in both Metairie, Louisiana or in the Baton Rouge, Louisiana area." (R. Doc. 28 at 3 n.12). Defendants shall propose examination dates for both Metairie and Baton Rouge, and identify the specific address of the proposed exam locations.
[4] Defendants shall identify whether any mental examination is proposed.

2

order specification. (R. Doc. 27 at 4). Given the record, the Court finds it appropriate to order Defendants to file a proposed Rule 35 Order into the record.

Furthermore, the Court will strike Defendants' Reply Memorandum (R. Doc. 28) from the record, which was filed without seeking leave of Court. *See* LR 7(f).

**IT IS ORDERED** that Defendants must file a proposed Rule 35 Order into the record, on or before July 18, 2022, identifying the specific relief sought under Federal Rule 35(a)(2)(B) and Local Rule 35.

**IT IS FURTHER ORDERED** that Defendants' Reply Memorandum (R. Doc. 28) is struck from the record. After the filing of the proposed Rule 35 Order, the parties may seek leave to file additional memoranda in accordance with Local Rule 7(f).

Signed in Baton Rouge, Louisiana, on July 13, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**