# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORNELL BALTAZAR, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                                  **NO. 21-251-JWD-RLB**

**RAMIRO GONZALES, ET AL.**

## ORDER

Before the Court is Defendants' Motion for Expert Deadline Extension. (R. Doc. 22).[1] The motion is opposed. (R. Doc. 26). Defendant filed a Reply Memorandum (R. Doc. 31) without seeking leave of court in violation of Local Rule 7(f).

Also before the Court are Defendants' Motion to Strike (R. Doc. 33) and Motion for Leave to File Reply Memorandum (R. Doc. 34).

The Court's Scheduling Order set Plaintiffs' deadline to provide expert reports on June 14, 2022, Defendants' deadline to provide expert reports on July 19, 2022, the expert discovery deadline on August 16, 2022, and the deadline to file dispositive motions and Daubert motions on September 30, 2022. (R. Doc. 16). In denying a previous motion for extensions of pretrial deadlines, the Court informed the parties that any further motion seeking an extension of unexpired deadlines must not seek modification of the current deadline to file dispositive motions and Daubert motions. (R. Doc. 18).

Defendants represent that the parties agreed, as allowed by Local Rule 26(d)(1), to extend Plaintiffs' deadline to provide expert reports to June 30, 2022, and Defendants' deadline to provide expert reports to July 30, 2022. (R. Doc. 21-1 at 2). After receiving Plaintiffs' expert

---

[1] This motion was incorporated in Defendants' Motion to Expedite Motion to Compel IME (R. Doc. 22), which the Court granted. (R. Doc. 25).

reports on June 30, 2022, Defendants have attempted to move forward with a medical examination of Mr. Baltazar by Dr. Everett Robert without court intervention. (R. Doc. 22-2 at 1; *see* R. Doc. 21-1 at 2-4). Plaintiffs have not agreed to the scope of this medical examination absent a Rule 35 Order, further informing Defendants that Mr. Baltazar is not available for a medical examination from July 16, 2022 to July 23, 2022. (R. Doc. 22-2 at 1-2).

Based on the foregoing, Defendants seek an unspecified extension of their deadline to provide expert reports. (R. Doc. 22). In opposing the motion, Plaintiffs state that they "do not object to an extension of the Defendants expert report deadline provided there is no impact to the remaining pretrial deadlines and trial date," but nevertheless suggest that no such extension is required and that it should be limited to Dr. Robert's report. (R. Doc. 26). In their proposed Reply Memorandum, Defendants clarify that they seek an extension of the deadline to provide all of their expert reports given that those reports are dependent upon "Dr. Robert's examination and findings." (R. Doc. 34-3).

It is unclear when and where Defendants propose the Rule 35 examination of Mr. Baltazar to take place. The Court has separately ordered Defendants to file a proposed Rule 35 Order into the record, on or before July 18, 2022, identifying the specific relief sought under Federal Rule 35(a)(2)(B) and Local Rule 35. (R. Doc. 32).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has

established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Here, Defendants are seeking an undefined extension of their expert discovery deadline to accommodate a proposed Rule 35 examination of Mr. Baltazar. It appears that the parties attempted to schedule a medical examination of Mr. Baltazar without court intervention, and have no dispute that this examination should proceed in some form as ordered by the Court under Rule 35. The extension sought is necessary to provide Defendants sufficient time to provide expert reports after the examination takes place. Given the record, the Court finds good cause for an extension of Defendants' expert report deadline (for all identified experts) to August 22, 2022. This will provide sufficient time to conduct any medical examination authorized by the Court under Rule 35, and for all defense experts to incorporate any findings in their own reports. The Court will correspondingly modify the expert discovery deadline to September 12, 2022. These extensions will not interfere with the deadline to file dispositive motions and Daubert motions, which remains September 30, 2022.

Defendants shall take into consideration the foregoing extension of deadlines when submitting a proposed Rule 35 Order. Furthermore, any further motion for extension of the deadlines shall identify the specific extension of time sought.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Strike (R. Doc. 33) is **GRANTED**, and the Clerk's Office shall strike Defendants' improperly filed Reply Memorandum (R. Doc. 31) from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Reply Memorandum (R. Doc. 34) is **GRANTED**, and the Clerk's Office shall enter Defendants' Reply Memorandum (R. Doc. 34-3) into the record.

**IT IS FURTHER ORDERED** that Defendants' Motion for Expert Deadline Extension (R. Doc. 22) is **GRANTED**. Pursuant to Rule 16(b)(4), Defendants' deadline to provide expert reports is extended to **August 22, 2022**, and the deadline to complete expert discovery is extended to **September 12, 2022**. **All other deadlines remain unchanged.**

Signed in Baton Rouge, Louisiana, on July 14, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**